IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION



**ENTERED**
**10/23/2007**

| | |
|---|---|
| IN RE: § | |
| EQUATOR CORP § | CASE NO: 06-30414 |
| Debtor(s) § | |
| § | CHAPTER 7 |
| § | |
| KENNETH R. HAVIS, CHAPTER 7 § | |
| TRUSTEE § | |
| Plaintiff(s) § | |
| § | |
| VS. § | ADVERSARY NO. 06-3581 |
| § | |
| SUSAN C. NORMAN, *et al* § | |
| Defendant(s) § | |

### MEMORANDUM OPINION REGARDING
### ORDER DENYING MOTION TO DISMISS OR TO ABSTAIN (doc # 155),
### ORDER DENYING SUPPLEMENTAL MOTION TO ABSTAIN (doc # 168),
### ORDER DENYING MOTION TO RECONSIDER (doc # 156)
### ORDER DENYING MOTION TO STAY PROCEEDINGS PENDING APPEAL
### (doc # 158)
### ORDER DENYING MOTION TO RECONSIDER AWARD OF ATTORNEYS' FEES
### (doc # 164)

When Defendant Steven Frankoff ("Defendant") failed to deliver funds to the chapter 7 trustee as the Court ordered him to do, after hearing the Court found Defendant to be in civil contempt of court and awarded sanctions and attorney's fees in favor of the trustee. Subsequently, Defendant filed three motions: (1) a motion to dismiss most of the remaining claims that trustee asserts against Defendant; (2) a motion to reconsider the civil contempt sanctions, and (3) a motion to stay proceedings pending appeal of the partial summary judgment. Because the Court finds that none of the motions have merit, the relief requested in the motions is denied by separate order issued this date.

### FACTS

In docket # 43 in this adversary proceeding, (Memorandum Opinion Findings of Fact and Conclusions of Law Concerning Order Granting Partial Summary Judgment—"Memorandum Opinion") the Court found that the following facts were not in genuine dispute and that therefore Plaintiff was entitled to summary judgment.[1]

---
[1] The memorandum findings of fact and conclusions of law can be found at docket # 43.

Prior to the filing of this bankruptcy case, Defendant (an attorney at law) represented Debtor who was the plaintiff in a state court lawsuit; Defendant had agreed to take a contingency fee. The suit was settled. As settlement proceeds, Debtor received $725,000 in 2 checks made payable jointly to Debtor and to Defendant. Defendant waived payment of his attorney's fee out of the first check, and Debtor used the funds to pay certain debts; Defendant agreed that his payment would be made from the proceeds of the second check. But when the second check came, Debtor, Debtor's owner, and Defendant did not agree on the amount of the fee due Defendant, so some of the money was deposited into an escrow account. A "John Doe" lawsuit was filed in state court to determine the amount of attorneys' fees due Defendant.

Then Debtor filed its petition commencing this bankruptcy case. Subsequently, *i.e.* post-Bankruptcy, without relief from the automatic stay, and without permission of the bankruptcy court, a judgment was entered in the state court lawsuit awarding Defendant an amount less than the full 40% contingency fee. The judgment was not signed by Debtor although it was signed by Debtor's owner. Funds were paid to Defendant from the IOLTA account as his attorneys' fees, without obtaining relief from the stay, without permission of the bankruptcy court, and without even informing the bankruptcy court.

The bankruptcy trustee sued Defendant in this adversary proceeding under Bankruptcy Code § 549 alleging that Defendant was paid a prepetition debt, postpetition, out of property of the estate, without Court permission. This Court granted partial summary judgment, holding that the funds in the escrow account were property of the estate that had been disbursed in violation of federal bankruptcy law. The judgment required return of the funds, but preserved any lien claims against the funds pending determination of the lien rights and perfection of lien rights.

When Defendant failed to comply with the order to return the funds, the Court held a hearing and held Defendant in civil contempt of court (docket # 146).

**I.     Docket # 155—Motion to Dismiss and to Abstain**
**Docket # 168—Supplemental Motion to Abstain**

In docket # 155, Defendant asks the Court to dismiss "Plaintiff's remaining causes of action," including "(a) Disallowance of Claim; (b) Equitable Subordination; …and (d) Request to Determine the Extent, Validity and Priority of Liens."[2] Defendant also asks the Court to dismiss a cross claim asserted by MetroBank asserting that MetroBank's alleged lien against the second settlement check primes Defendant's alleged lien. In a reply pleading, Defendant asserts that his motion is based solely on jurisdictional grounds, although this Court also sees in that pleading elements of a motion to dismiss for failure to state a claim on which relief can be granted. Therefore this memorandum treats both bases for dismissal, and finds merit in neither.

No hearing is necessary because the motions can be decided on the law. The facts are undisputed. The only issue is the application of the law to those facts to determine whether the Court has jurisdiction and whether the allegations state a claim on which relief can be granted.

Defendant first argues that the chapter 11 trustee has not met certain deadlines for

---

[2] Docket # 155, paragraph 1.

amendment of pleadings to contest the MetroBank alleged lien and that the MetroBank lien and Defendant's lien exceed the amount of the funds involved and therefore this Court has no jurisdiction over the causes of action asserted by the trustee.

Defendant's arguments are simply not correct. When a bankruptcy case is filed, all property in which the debtor has an interest becomes property of the estate, Bankruptcy Code § 541. The fact that property is fully encumbered, or even over-encumbered, does not exclude the property from the definition of property of the estate; inclusion of fully encumbered property within the definition of property of the estate is contemplated by the Bankruptcy Code, *see* Bankruptcy Code §§ 362(d)(2)(A), 506(a)(1), and 541(b).

The Court has already held that the proceeds of the second check (held in an IOLTA escrow account at the time that the bankruptcy case was filed) were property of the estate. Any attempt to exercise control of property of the estate post-petition without court approval is a violation of the automatic stay, Bankruptcy Code § 362. Transfers of property of the estate post-petition, without authority in the Bankruptcy Code or from the Court, is avoidable under Bankruptcy Code § 549. Recovery of property of the estate improperly transferred postpetition is therefore a specific bankruptcy remedy specified in the Bankruptcy Code and is within the jurisdiction of the bankruptcy court under 28 U.S.C. § 1334(b) as a matter "arising under" the Bankruptcy Code.

Determination of claims against the estate and determination of liens against property of the estate are core matters of bankruptcy administration, 28 U.S.C. § 157(b)(2)(B) and (K).[3]

Defendant is simply wrong, as a matter of law, that this Court does not have jurisdiction to determine the competing liens against property of the estate, even fully encumbered property of the estate, and to determine damages for violation of the stay if there was a violation of the stay.

Defendant also argues that the trustee is estopped from contesting MetroBank's assertion of a lien because the trustee acknowledged that MetroBank's lien attached to other property of the estate. Defendant's argument is a *non sequitur*. Merely because the trustee agrees that MetroBank's lien attached to, and was properly perfected with respect to, some property of the estate does not mean that the trustee admitted that the lien attached to all property of the estate, *e.g.* cash in an IOLTA account that was disbursed to Defendant.

Finally, Defendant is incorrect that the trustee has not put MetroBank's lien at issue. MetroBank is a party to this adversary proceeding and the trustee has asked for a determination of the validity, priority, and extent of liens against the money that Defendant was ordered to return. MetroBank has filed a cross claim against Defendant asserting the priority of its alleged

---

[3] Although not dispositive, *In re GSYS Enterprises, Inc.*, 343 B.R. 568 (Bankr. N.D. Tex. 2006), suggests that a bankruptcy court has jurisdiction to determine the priority of liens even where the estate has no equity in the collateral. Jurisdiction in this situation is consistent with Bankruptcy Code §§ 362 and 541 because the holder of the alleged security interest would have to overcome the automatic stay, a right derived from the Bankruptcy Code, in order to enforce its interest in property of the estate. *See also*, *Matter of Kubly*, 818 F.2d 643 (7th Cir. 1987) (bankruptcy court lacked jurisdiction to determine the priority of liens between two creditors where estate had abandoned the collateral in dispute).

lien over Defendant's alleged lien. The validity, priority, and extent of liens against these funds are clearly at issue.

Defendant cites *In re Saunders*, 155 B.R. 405 (Bankr. W.D. Tex. 1993), for the proposition that the Court does not have jurisdiction over the funds. Again, Defendant is incorrect. In *Saunders*, the court held that the transferee had perfected its lien. In the case currently under consideration, the Court has not yet determined lien perfection and priority. *Saunders* recognized the authority of the chapter 7 trustee to recover the transfer (which Defendant in the case currently under consideration has furiously denied in multiple, lengthy pleadings). What *Saunders* held was that under the facts of that situation, which included the sole perfected lien, it was impractical for the chapter 7 trustee to recover the property, and therefore the bankruptcy judge directed the trustee not to do so. *Saunders* was appealed and affirmed by the district court. The affirmation of the district court was reversed without explanation. *In re Saunders*, 96 F.3d 1444 (5th Cir. 1993).

Defendant's reliance on *In re Rebecca A. Knight, M.D., S.C.*, 2006 WL 3147714 (Bankr. C.D. Ill. 2006), is unclear. *Knight* adopts *Saunders* reasoning, and like *Saunders*, addresses the validity of the lien. This Court respectfully disagrees with *Knight's* interpretation of *Saunders* to the extent it stands for the proposition that transfer of collateral to the holder of a valid, unavoidable security interest is not avoidable under § 549. But were that the case, the distinction between these cases and the case at hand is that the Court has yet to determine the perfection and attachment of Defendant's lien. Defendant also cites *In re Discount Family Boats of Texas, Inc.*, 233 B.R. 365 (Bankr. E.D. Tex. 1999). The discussion of *Saunders* in *Discount* is dicta; *Discount* holds that post-petition payments by the debtor-in-possession made to a secured creditor were not subject to turnover because the payments were authorized under Bankruptcy Code §§ 1107 and 1008 and by order of the court.

Finally, Defendant asks for abstention. Defendant makes a strained argument about the inability to stretch "related to" jurisdiction. Recovery of avoidable transfers, determination of the validity, priority and extent of liens, and ranking of liens are "arising in" and "arising under" core matters, 28 U.S.C. § 157(b)(2)(A), (B), (E), (K), (O). There is no extension of "related to" jurisdiction involved here. In addition, there is no pending state court proceeding. Therefore mandatory abstention does not apply, 28 U.S.C. § 1334(c)(2). Defendant also asks the Court to exercise its discretion to abstain. But the essence of this adversary proceeding is a determination of competing allegations of liens over property of the estate. The bankruptcy court has exclusive jurisdiction over property of the estate, 28 U.S.C. § 1334(e). Recovery under Bankruptcy Code § 549 is a bankruptcy cause of action, not a state court cause of action. Determination of competing liens against property of the estate is at the heart of bankruptcy court work, and less so of state courts. There is no need for abstention in the interest of comity with state courts or respect for state law. Therefore the Court declines to exercise its discretion to abstain.

And since these are core matters, mandatory and discretionary abstention do not apply. 28 U.S.C. § 1334(d).

Defendant's supplemental motion to abstain (docket # 168) does not raise any substantial issues not resolved above.

## II. Motion for Rehearing (docket # 156)

This motion rehashes the arguments in the motion to dismiss, and is denied for the reasons stated above. In addition, the Court notes that it was more than accommodating to Defendant's requests for extensions of time, etc., and that Defendant had a full and fair opportunity to raise all of these issues at the initial hearing. There is no new evidence or error in prior proceedings. Defendant simply wants to reargue issues on which he lost in the prior hearing or to raise a different argument. There is no proper ground for rehearing.

## III. Motion for Stay Pending Appeal (docket # 158)

Finally, Defendant seeks a stay pending appeal. This motion rests on two arguments.

First, Defendant argues the same legal theories set forth above with reliance on the *Saunders* opinion. For reasons set forth above, that argument is rejected. The Court especially notes that Defendant has failed to prove likelihood of success on the merits. The district court appeal of this Court's order has been decided adversely to Defendant. That does not bode well for likelihood of success on the merits.

Second, Defendant argues difficulty and inability to raise the money. That argument is rejected for three reasons. First, it is moot since Defendant has now deposited the funds in the registry of the Court. Second, that argument would have been better received if it had been made immediately after the Court's order was entered. The argument was not made until months after the Court's order, and only after collection efforts were brought to conclusion. Third, as noted in the trustee's objection to this motion, Defendant's testimony at the contempt hearing with respect to the extent of his assets was vague and unsatisfactory. He apparently has more assets than he remembered at that hearing.

## IV. Motion to Reconsider Award of Attorneys' Fees (docket # 164)

Defendant's motion to reconsider the award of attorneys' fees is denied. It is essentially a rehash of the arguments above and is denied for the reasons stated above.

### CONCLUSION

Finally, Defendant makes an equitable argument for reconsideration based on Defendant's age and health. The appropriate time to raise those issues was at the civil contempt hearing. Defendant's papers suggest that his attorney was not able to represent him adequately because of his attorney's own poor health. The papers fail to set out, however, the extraordinary extensions of time that the Court gave Defendant to compensate for those health issue. In addition to those considerations, the Court gave Defendant a period of time to comply with the order before sanctions commenced. Nevertheless, the Court will reserve to Defendant the ability to ask for remittitur of some of the sanctions upon showing that Defendant was unable to comply any more quickly (after the finding of civil contempt) than he did.

For reasons set forth, the motions are denied by separate order issued this date.

SIGNED 10/22/2007.

*Wesley W. Steen*

WESLEY W STEEN
United States Bankruptcy Judge