

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

**ENTERED**
**04/02/2008**

| | |
|---|---|
| IN RE: § | |
| EQUATOR CORP § | CASE NO: 06-30414 |
| Debtor(s) § | |
| § | CHAPTER 7 |
| § | |
| KENNETH R. HAVIS, CHAPTER 7 § | |
| TRUSTEE, *et al* § | |
| Plaintiff(s) § | |
| § | |
| VS. § | ADVERSARY NO. 06-3581 |
| § | |
| SUSAN C. NORMAN, *et al* § | |
| Defendant(s) § | |

## MEMORANDUM OPINION AND ORDER
## DENYING TRUSTEE'S MOTION FOR SUMMARY JUDGMENT
## (DOC. # 237)

Prior to filing its petition commencing this bankruptcy case, Equator Corp. ("Debtor") had entered into a contingency fee agreement with Steven Barry Frankoff ("Frankoff"). A dispute arose over the ownership of settlement proceeds, which was eventually settled and funds were distributed to Frankoff postpetition without Court authority. The Court has previously granted the Trustee's motion for partial summary judgment avoiding the transfer under authority of Bankruptcy Code § 549. That judgment has been affirmed by the district court and the Fifth Circuit, and funds have been either delivered to the Trustee or placed in the registry of the Court. In its prior summary judgment, the Court reserved the issue of whether Frankoff had or has a secured interest in the avoided transfers. The Trustee now asks the Court to decide that issue by summary judgment. The Trustee's motion is denied.

### I.   BACKGROUND

Except as indicated, the following facts are undisputed. Where disputed, the Court identifies the allegation and any response.

Frankoff is an attorney at law. Prior to the commencement of this bankruptcy case, Frankoff and the Debtor entered into a contingency fee agreement for Frankoff's legal services under which Frankoff would receive a fee of between 33% and 40% of any sums that he could recover in a lawsuit against Indesit Company International Business, SA ("Merloni/Indesit") (Doc. # 43).

On August 16, 2005, the Debtor entered into a settlement agreement with Merloni/Indesit (the "Merloni Settlement"). Under the Merloni Settlement, the Debtor was to receive two cash payments totaling $725,000 (Doc. # 43).

On August 16, 2005, the first installment payment of $375,000 was paid jointly to Debtor and Frankoff (Doc. # 43). By agreement Frankoff took none of this payment and the funds were used for corporate purposes. On January 17, 2006, the second installment payment of $350,000 was paid jointly to the Debtor and Frankoff (the "Second Merloni Installment"). The Second Merloni Installment was deposited to Frankoff's trust account (Doc. # 43).

A dispute arose regarding the Second Merloni Installment (Doc. # 43). Frankoff engaged Susan Norman as his attorney who, on January 30, 2006, filed a lawsuit against the Debtor for breach of the fee agreement. Norman and Frankoff intentionally did not disclose the real names of the parties. The lawsuit was styled *S. Soe, individually vs. Doe Corp.* (Doc. # 237-2, Trustee Exhibit 1).

Less than a week later, on February 5, 2006, Debtor filed its petition commencing this bankruptcy case. It is not clear when Frankoff first knew about the bankruptcy petition, but Frankoff concedes that he knew on or before February 8, 2006 (Docket # 257).

On February 9, 2006, the Debtor and Atul Vir (stockholder and controlling officer of Debtor) filed an answer and plea in intervention. The pleading was filed by Peter Riga; it is not completely clear whom Riga represented. In that document Vir confessed judgment in his individual capacity in favor of Frankoff in the amount of $262,500. (Doc. #237-2, Trustee Exhibit 2).

On the same day, Riga disbursed by check the sums of (i) $196,875.00 to Frankoff; and (ii) $65,625.00 to Norman from the funds that he held in escrow, which funds originally derived from the check payable jointly to Debtor and Frankoff. The balance of the funds was disbursed to Vir, to Debtor's bankruptcy counsel, and to Riga. None of the payments were disclosed to the Bankruptcy Court or the Trustee (Doc. # 43).

On February 13, 2006, Norman filed a Notice of Non-Suit (the "Non-Suit"), non-suiting all of Frankoff's claims against the Debtor with prejudice. (Doc. # 237-2, Trustee Exhibit 3). Frankoff swears that he did not authorize the non-suit and did not know that the document was filed. The following day, Judge Grant Dorfman (the judge presiding over the state court proceeding) dismissed the state court suit with prejudice. *Id*.

The Trustee filed this adversary proceeding on September 28, 2006, seeking to recover the payments ("Disputed Funds"), plus other damages, fees and costs, to Frankoff and Norman alleging that the transfers constituted unauthorized post-petition transfers of property of the Debtor (Doc. # 1). On February 21, 2007, the Court granted a final summary judgment in the Trustee's favor avoiding the transfer under § 549 and ordering Frankoff to return the payments (Doc. # 42). The Court reserved the issue of whether Frankoff held or holds a valid security interest in the Disputed Funds that he received. (Doc. # 43).

## II.   STANDARDS FOR SUMMARY JUDGMENT

Summary judgment is warranted if a party establishes that there is no genuine dispute about any material fact and that the law entitles it to judgment.  Fed. R. Civ. P. 56(c).  Rule 56(c) mandates "the entry of summary judgment, after adequate time for discovery and upon motion, against any party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  *Celotex v. Catrett*, 106 S.Ct. 2548, 2552 (1986).  Fed. R. Civ. P. 56(c) is incorporated into the Federal Rules of Bankruptcy Procedure by rule 7056.

All justifiable inferences will be drawn in the nonmovant's favor, *see Anderson v. Liberty Lobby, Inc.*, 106 S.Ct. 2505, 2513 (1986), but conclusory affidavits will not suffice to create or negate a genuine issue of fact.  *See Reese v. Anderson*, 926 F.2d 494, 498 (5th Cir. 1991); *Shaffer v. Williams*, 794 F.2d 1030, 1033 (5th Cir. 1986).  Unless there is sufficient evidence to return a verdict in the nonmovant's favor, there is no genuine issue for trial.  *See Anderson v. Liberty Lobby, Inc.*, 106 S.Ct. at 2511.  Admissibility of evidence on a motion for summary judgment is subject to the standards and rules that govern evidence at trial.  *See Rushing v. Kansas City Southern Railway Co.*, 185 F.3d 496 (5th Cir. 1999), *cert. denied*, 120 S.Ct. 1171 (2000).

Rule 56 of the Federal Rules of Civil Procedure provides:

> (c) ... The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.
>
> (e) ... When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for the trial.

## III.   ANALYSIS

The Trustee's Motion for Summary Judgment argues that Frankoff holds no security interest in the $262,500 or in any other estate property because, the Trustee argues, Frankoff released all claims against the Debtor and cannot have a lien unless he has a claim to support it. The Trustee cites the general rule that a lien, whether equitable or legal, is nothing more than a means of satisfying a claim for the recovery of money.  *Dept. of the Army v. Blue Fox, Inc.*, 525 U.S. 255, 262-63 (1999).  If there is no claim, no debt, there is no lien.

> A lien can only legally attach if there is an underlying debt secured by the lien.  A lien is a charge upon property for the payment or discharge of a debt. It is therefore dependent upon the existence,

>the amount of, and the provability of the debt. If the debt has been paid..., the lien is extinguished."
>*Satsky v. United States*, 993 F.Supp. 1027, 1029 (S.D. Tex. 1998) (citing *United States v. Phillips*, 267 F.2d 374, 377 (5th Cir. 1959)).

The Trustee argues that because the Non-Suit released all of Frankoff's claims against the Debtor Frankoff has no claim against the Debtor and therefore no lien.

Frankoff asserts that he received the transfer on February 9th. He swears that he did not authorize the non-suit and that he did not know about it until after this adversary proceeding was filed. The Trustee responds that Frankoff is bound by the actions of his attorney, regardless of whether he gave her specific authority to dismiss the lawsuit.

A.     Bankruptcy Code § 502(h)

In its previous grant of summary judgment, the Court determined that the Disputed Funds were property of the estate. The Court specifically reserved the issues of whether Frankoff had a lien on the funds prepetition and, if he did, whether that lien was resurrected when the Trustee recovered the funds by avoidance of the transfer.

The Code provides:

>A claim arising from the recovery of property under section 522, 550, or 553 of this title shall be determined, and shall be allowed under subsection (a), (b) or (c) of this section, <u>or disallowed under subsection (d)</u> or (e) of this section, the same as if such claim had arisen before the date of the filing of the petition.
>11 U.S.C. § 502(h).

While it is clear that repayment of an avoided transfer gives rise to a claim that is determined as if it had arisen pre-petition, neither the Trustee no Frankoff has cited to the Court authority for whether the other consequences of the transfer, such as a release given as part of the transfer, is also avoided or, if the lien is also reinstated, the effective date for the reinstatement. That is important in this case to address the question of the release. Since there are issues of fact and law, the Court cannot grant summary judgment.

B.     Bankruptcy Code Section 502(d)

The Trustee argues that even if the lien is reinstated upon full repayment of the avoided transfer, Frankoff does not get the benefit of that statute because he has not repaid the entire transfer. Bankruptcy Code § 502(d) provides:

>[T]he court shall disallow any claim of any entity from which property is recoverable under section 542, 543, 550, or 553 of this title or that is a transferee of a transfer avoidable under section

>    522(f), 522(h), 544, 545, 547, 548, 549, or 724(a) of this title,
>    unless such entity or transferee has paid the amount, or turned over
>    any such property, for which such entity or transferee is liable
>    under section 522(i), 542, 543, 550, or 553 of this title.
>    11 U.S.C. § 502(d).

The entire transfer to Frankoff and Norman was $262,500. Frankoff has repaid part of that. The Trustee has settled with Norman for her part. Although the Court found Frankoff jointly liable for the funds paid to his attorney, Norman, on his behalf, the Court did not order Frankoff to repay the part that Norman received. In addition, The Trustee has settled with Norman, who has paid back some or all of the funds that she received. Clearly the Trustee is only entitled to a single recovery. He cannot recover Norman's part from both Frankoff and from Norman. The Court does not know how much Norman repaid, or what the effect of the settlement is on Frankoff's joint liability. Therefore, the Court cannot grant summary judgment as a matter of law.

In addition, as Frankoff's memorandum of authorities relates, the cases addressing § 502(d) have in common that the transferee has not turned over any property to the estate. The Court has been unable to locate a case where the transferee has made a substantial turnover.

### IV.   CONCLUSION

For reasons assigned, the Court cannot rule as a matter of law from the facts established by summary judgment evidence that the Trustee is entitled to judgment. Therefore, the Trustee's motion for summary judgment is denied.

SIGNED 04/01/2008.

_____
Wesley W. Steen
United States Bankruptcy Judge