


**ENTERED**
**04/02/2008**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| EQUATOR CORP | § | CASE NO: 06-30414 |
| Debtor(s) | § | |
| | § | CHAPTER 7 |
| | § | |
| KENNETH R. HAVIS, CHAPTER 7 | § | |
| TRUSTEE, *et al* | § | |
| Plaintiff(s) | § | |
| | § | |
| VS. | § | ADVERSARY NO. 06-3581 |
| | § | |
| SUSAN C. NORMAN, *et al* | § | |
| Defendant(s) | § | |

**MEMORANDUM OPINION AND ORDER**
**GRANTING METROBANK'S MOTION TO DISMISS CROSSCLAIM**
**(DOC. # 188)**

In docket # 166, filed October 5, 2007, Steven Barry Frankoff ("Frankoff") makes the following crossclaims against MetroBank, N.A. ("MetroBank"):

1. MetroBank knew that Frankoff claimed an interest in the proceeds of the sale of Combo Units to ECO Appliance, Inc. Yet MetroBank entered into an agreement to circumvent Frankoff's interest. MetroBank actively participated in the Trustee's breach of fiduciary duty owed to Frankoff.

2. Frankoff is entitled to any funds received by MetroBank to the extent they are proceeds of collateral covered by Frankoff's equitable lien rights.

3. Frankoff has had to engage legal counsel to pursue these causes against the MetroBank and hereby pleads for the recovery of his reasonable and necessary legal fees incurred in connection with the prosecution of this matter.

In docket # 188, MetroBank asks the Court to dismiss crossclaims filed by Frankoff on October 5, 2007 (docket # 166). MetroBank asserts, among other things, that:

1. Frankoff's alleged conspiracy claim against MetroBank has no basis in law or fact.

2. Frankoff lacks standing.

## I. FED. R. CIV. P. 12(b)(6) STANDARD

Dismissal is proper under FRCP 12(b)(6) (incorporated by Rule 7012 of the Federal Rules of Bankruptcy Procedure) if the complaint lacks an allegation regarding a required element necessary to obtain relief. *Rios v. City of Del Rio*, 444 F.3d 417, 421 (5th Cir.2006). A plaintiff must assert more than "conclusory allegations or legal conclusions masquerading as factual conclusions" to avoid dismissal. *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir.1993). Rather, the complaint "must contain either direct allegations on every material point necessary to sustain a recovery... or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial." *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir.1995) (internal quotation marks omitted).

## II. FACTS

The following facts are either undisputed, or else are facts alleged by Frankoff and accepted for purposes of this opinion and order as true. These facts are sufficient to decide MetroBank's motion to dismiss.

1. On May 1, 2005, Frankoff entered into a contingent fee agreement with Equator Corp. (the "Debtor"), the basis of Frankoff's alleged lien on Debtor's assets.
2. On January 17, 2006, Merloni paid $350,000 jointly to Debtor and to Frankoff. A dispute arose between Debtor's owner, Atul Vir, and Frankoff about the amount of Frankoff's fee. The Merloni funds were deposited into Vir's attorney's escrow account.
3. On January 30, 2006, Frankoff sued Debtor in state court, without disclosing his own, or Debtor's true names.
4. Debtor filed a petition commencing this case under chapter 11 of the Bankruptcy Code on February 5, 2006. When the case was filed, Frankoff was not listed as a creditor and was not otherwise on the list of persons entitled to notice of the bankruptcy filing.[1]
5. It is not clear when Frankoff became aware of the bankruptcy filing. However, Frankoff admits that he knew on or before February 8, 2006.[2] On February 9, 2006, Vir confessed judgment in favor of Frankoff for $262,500 and Vir's attorney disbursed that amount to Frankoff and Frankoff's attorney. The remainder of the funds were disbursed to Vir, Vir's attorney, and to the attorney who filed Debtor's bankruptcy petition.
6. On May 15, 2006, after hearing, the Court granted the motion by the US Trustee to convert Debtor's bankruptcy case to chapter 7.[3]
7. The US Trustee appointed Ken Havis as chapter 7 trustee ("Trustee") on May 22, 2006.[4]
8. On August 23, 2006, the Clerk of Court sent to all creditors and parties in interest a notice that the Trustee had discovered assets and that all creditors should file a proof of claim.[5] The deadline for filing proofs of claim was November 21, 2006. Frankoff did not file a proof of claim and has never filed a request for notices and copies of pleadings.

---

[1] Adversary proceeding 06-3581, Doc. # 272.
[2] Docket # 257.
[3] Bankruptcy Case 06-30414, Doc. # 39.
[4] Bankruptcy Case 06-30414, Doc. # 43.
[5] Bankruptcy Case 06-30414, Doc. # 63.

9. On September 28, 2006, the Trustee filed a complaint commencing this adversary proceeding[6] seeking recovery of the funds paid to Frankoff.
10. Frankoff filed his answer to the Trustee's complaint through attorney, Roger Broach, on October 27, 2006. Neither Frankoff nor Broach filed a notice of appearance in the main bankruptcy case.
11. On April 30, 2007, the Trustee filed a motion to sell Debtor's intellectual property, inventory, equipment, and furniture free and clear of liens.[7] Sales proceeds were to be paid to tax lien creditors and to MetroBank which held a recorded security interest. Notice was given to an extensive list of creditors. Frankoff's attorney, Roger Broach, received a copy of the motion and notice on the day that the motion was filed, April 30, 2007.
12. "On or about" April 30, 2007, Frankoff's attorney, Roger Broach, underwent aortic valve replacement and coronary artery by-pass surgery.[8] However, pleadings continued to be filed on Frankoff's behalf. Mr. Broach's wife filed a motion to abate the adversary proceeding (docket # 99) and an unknown person filed an answer for Frankoff to MetroBank's cross action against Frankoff (docket # 100). No motion to abate or for other relief was filed in the bankruptcy case.
13. No party in interest filed a response or objection to the Trustee's motion to sell.
14. On May 30, 2007, the Court granted the motion to sell (the "Sale Order").[9]
15. The Clerk served a copy of the Court's order on parties in interest and on Frankoff's attorney, Roger Broach, on June 1, 2007.[10]
16. No appeal was filed, and the order became final on June 11, 2007. The sale has been consummated.
17. No party has filed a motion to vacate the order granting authority to sell.
18. Mr. Frankoff obtained additional counsel. On September 20, 2007, Mr. Simon, filed a "Notice of Appearance and Request for Notice" as attorney for Frankoff in both the adversary proceeding and in the bankruptcy case. Prior to that, neither Frankoff nor an attorney for Frankoff had made a request for service of notices and pleadings in the bankruptcy case.

## III. CROSSCLAIMS

A. MetroBank knew that Frankoff claimed an interest in the proceeds of the sale of Combo Units to ECO Appliance, Inc. Yet MetroBank entered into an agreement to circumvent Frankoff's interest. MetroBank actively participated in the Trustee's breach of fiduciary duty owed to Frankoff.

Frankoff alleges that MetroBank and the Trustee conspired to give away Frankoff's alleged proceeds on the sale of the Combo Units. The cause of action is a civil conspiracy. "Civil conspiracy, generally defined as a combination of two or more persons to accomplish an

[6] Actually, the complaint against Frankoff commenced adversary proceeding 06-3582. A virtually identical adversary proceeding was commenced against Frankoff's counsel, 06-3581, and those two adversary proceedings were subsequently consolidated.
[7] Bankruptcy Case 06-30414, Doc. # 85.
[8] Adversary proceeding 06-3581, Doc. #99.
[9] Bankruptcy Case 06-30414, Doc. # 86.
[10] Bankruptcy Case 06-30414, Doc. # 87.

unlawful purpose, or to accomplish a lawful purpose by unlawful means, might be called a derivative tort" because the "defendant's liability for conspiracy depends on participation in some underlying tort for which the plaintiff seeks to hold at least one of the named defendants liable." *Tilton v. Marshall*, 925 S.W.2d 672, 681 (Tex. 1996) (emphasis added). The claim's elements are "(1) two or more persons; (2) an object to be accomplished; (3) a meeting of the minds on the object or course of action; (4) one or more unlawful, overt acts; and (5) damages as a proximate result." *Tri v. J.T.T.*, 162 S.W.3d 552, 556 (Tex. 2005).

Frankoff's cross-claim does not allege overt unlawful acts and therefore does not "contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial."

Frankoff argues that MetroBank entered into its agreement with the Trustee knowing that the Trustee failed to fulfill his fiduciary obligation to Frankoff by failing to inform the Court of Frankoff's alleged lien on the property sold and by failure to notify Frankoff of the motion to sell. This argument is not persuasive for several reasons.

The Court is fully aware of Frankoff's continuing, strident litigation concerning his entitlement out of the legal engagement to represent Debtor. In the adversary proceeding, even continuing to this day, Frankoff asserts that he owned cash in Riga's trust account. Frankoff vigorously denied having a lien. His alleged interest in the property that was sold under the Trustee's sale motion is a new allegation, and one that runs directly contrary to Frankoff's many, and vigorous, arguments before this Court, before the district court on appeal, and before the Fifth Circuit on appeal.

There is nothing (beyond the bald assertion in the crossclaim) to indicate that MetroBank knew, or had reason to know, about Frankoff's alleged interest in the property to be sold. Frankoff's alleged lien was an unrecorded lien; a search of the title records would indicate nothing. Frankoff's suit against Debtor to enforce the lien used pseudonyms to prevent anyone from learning the identity of the parties, and Frankoff has argued in his opposition to the Trustee's motion for summary judgment that Frankoff tried to assure the confidentiality of the settlement agreement. In short, except for the bald allegation in the crossclaim, Frankoff alleges that he went to great pains to assure that no one, including MetroBank, knew about his alleged lien.

Frankoff concedes that although he knew about the bankruptcy case prior to February 8, 2006, he has not filed a proof of claim even as of the date of this order, over 2 years later. Bankruptcy Local Rule 9013(d) requires notice of motions and court proceedings to parties who have filed a notice of appearance and parties claiming a lien on property affected by the motion. Even though the bankruptcy case had been pending for 14 months when the motion to sell was filed, Frankoff had not filed a claim, had not asserted a lien in the property to be sold, and had not filed a notice of appearance.

The allegations that MetroBank conspired with the Trustee to hide the sale from Frankoff is, in the words of *Fernandez-Montes*, a conclusory allegation or legal conclusion masquerading

as a factual conclusion. If Frankoff had simply filed a proof of claim asserting a lien or had filed a request for notice in the bankruptcy case, he would have received direct notice of the motion.

But even if the preceding analysis were not correct, Frankoff's attorney received actual, timely notice of the motion to sell. Although the Court understands the disability resulting from coronary surgery, the Court also understands that accommodation must be made to respond to the mail. And in fact someone was making those accommodations. Someone answered pleadings and filed motions to abate the adversary proceedings, conforming with the usual procedures for protecting a client's rights during an illness. Frankoff is himself an attorney, and could have reviewed the mail and asked for a continuance or abatement if nothing else.

But in addition to all of that, for reasons stated in a separate order on the Trustee's Motion Dismiss Counterclaims, the Court concluded that the Trustee has not breached his fiduciary duty. Without an underlying, unlawful, overt act, Frankoff cannot establish conspiracy.

B. Frankoff alleges that he is entitled to any funds received by MetroBank to the extent they are proceeds of collateral covered by Frankoff's equitable lien rights.

The claim of a lien on the Combo Units or their proceeds is beyond the scope of claims for which Frankoff asked for authority to amend the complaint. He asked for authority to assert a lien on cash in the Trustee's hands. Therefore, the motion to dismiss is granted with respect to this claim, and the Court need not address Frankoff's standing as the Trustee and MetroBank have asked.

C. Frankoff alleges that he has had to engage legal counsel to pursue these causes against MetroBank and hereby pleads for the recovery of his reasonable and necessary legal fees incurred in connection with the prosecution of this matter.

Since the Court concludes that the counterclaim fails to state a claim on which relief can be granted, Frankoff is not entitled to attorneys' fees for filing the claim.

## IV. CONCLUSION

Frankoff's crossclaims against MetroBank in docket # 166 are dismissed.

SIGNED 04/01/2008.

Wesley W. Steen

Wesley W. Steen
United States Bankruptcy Judge