

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

**ENTERED**
**04/02/2008**

| | | |
|---|---|---|
| IN RE: | § | |
| EQUATOR CORP | § | CASE NO: 06-30414 |
|     Debtor(s) | § | |
| | § | CHAPTER  7 |
| | § | |
| KENNETH R. HAVIS, CHAPTER 7 | § | |
| TRUSTEE, *et al* | § | |
|     Plaintiff(s) | § | |
| | § | |
| VS. | § | ADVERSARY NO. 06-3581 |
| | § | |
| SUSAN C. NORMAN, *et al* | § | |
|     Defendant(s) | § | |

## <u>MEMORANDUM OPINION AND ORDER</u><br><u>GRANTING TRUSTEE'S MOTION TO DISMISS IN PART (Doc. # 185)</u>

In docket # 166, filed October 5, 2007, Frankoff makes the following counterclaims against the Trustee and the bankruptcy estate:

1. An assignment and/or equitable lien on cash settlement proceeds of the Merloni Settlement in the hands of the Trustee or the estate;
2. An assignment and/or equitable lien on the proceeds of sale of the Combo Units in the hands of the Trustee or the estate;
3. Damages for breach by the Trustee of fiduciary duties "by agreeing with MetroBank to give away Frankoff's proceeds in the sale of the Combo Units pursuant to the Sale Order[1] and by failing to advise the Court of Frankoff's competing (sic) interest in such proceeds;"
4. Negligence and gross negligence in failing to investigate the whereabouts of thousands of Combo Units owned by Debtor at the time Debtor filed the bankruptcy petition;
5. Negligence and gross negligence by failing to recover $50,000 received by Vir.

In docket # 185, the Trustee asks the Court to dismiss counterclaims filed by Steven Barry Frankoff ("Frankoff") on October 5, 2007 (docket # 166).  The Trustee asserts, among other things, that:

1. The amended pleadings exceed the request for authority to amend (docket # 133) and the authority of the Court to amend (docket # 145);
2. Claims for breach of fiduciary duty relating to the Sale Order are barred by the Trustee's immunity deriving from compliance with court orders;

---

[1] Defined in paragraph 15 of the Facts, below.

3.  Frankoff has released Debtor of all claims against it and therefore has no standing as a creditor to seek any relief;

## I.    STANDARD FOR MOTIONS TO DISMISS UNDER FRCP 12(b)(6)

Dismissal under FRCP 12(b)(6) is proper if the complaint lacks an allegation regarding a required element necessary to obtain relief.  *Rios v. City of Del Rio*, 444 F.3d 417, 421 (5th Cir.2006).  A plaintiff must assert more than "conclusory allegations or legal conclusions masquerading as factual conclusions" to avoid dismissal.  *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir.1993).  Rather, the complaint "must contain either direct allegations on every material point necessary to sustain a recovery... or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial."  *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir.1995) (internal quotation marks omitted).

## II.    FACTS

The following facts are either undisputed, or else are facts alleged by Frankoff and accepted for purposes of this opinion and order as true.  These facts are sufficient to decide the Trustee's motion to dismiss.

1.  On May 1, 2005, Frankoff entered into a contingency fee contract to represent Equator Corp. ("Debtor") in a lawsuit against Merloni.
2.  On January 17, 2006, Merloni paid $350,000 jointly to Debtor and to Frankoff.  A dispute arose between Debtor's owner, Atul Vir, and Frankoff about the amount of Frankoff's fee.  The Merloni funds were deposited into Vir's attorney's escrow account.
3.  On January 30, 2006, Frankoff sued Debtor and Vir in state court, using pseudonyms rather than the correct names of the parties.
4.  Debtor filed a petition commencing this case under chapter 11 of the Bankruptcy Code on February 5, 2006.  At the time the case was filed, Frankoff was not listed as a creditor and was not otherwise on the list of persons entitled to notice of the bankruptcy filing.[2]
5.  At least as early as February 8, 2006, Frankoff had knowledge of the filing of the bankruptcy case and was corresponding with his attorney concerning legal research relating to bankruptcy jurisdiction over his claim against the Debtor or its owner.[3]  Prior to filing his disclosure of this awareness of the filing of the bankruptcy case, in all prior pleadings Frankoff had denied knowing about the bankruptcy case until subsequent to his February 9 receipt of funds from the Debtor.
6.  On February 9, 2006, Vir confessed judgment in favor of Frankoff for $262,500 and Vir's attorney disbursed that amount to Frankoff and Frankoff's attorney.  The remainder of the funds were disbursed to Vir, Vir's attorney, and to the attorney who filed Debtor's bankruptcy petition.

---

[2] Adversary proceeding 06-3581, Doc. # 272.
[3] Adversary proceeding # 06-3581, # Doc. # 257.

7. On May 15, 2006, after hearing, the Court granted the motion by the US Trustee to convert Debtor's bankruptcy case to chapter 7.[4]

8. The US Trustee appointed Ken Havis as chapter 7 trustee ("Trustee") on May 22, 2006.[5]

9. On August 23, 2006, the Clerk of Court sent to all creditors and parties in interest a notice that the Trustee had discovered assets and that all creditors should file a proof of claim.[6]  The deadline for filing proofs of claim was November 21, 2006. Frankoff did not file a proof of claim and has never filed a request for notices and copies of pleadings.

10. On September 28, 2006, the Trustee filed a complaint commencing this adversary proceeding[7] seeking recovery of the funds paid to Frankoff.

11. On October 27, 2006, Frankoff filed his answer (in the adversary proceeding docket) to the Trustee's complaint through attorney, Roger Broach.  Neither Frankoff nor Broach filed a notice of appearance in the main bankruptcy case.

12. On April 30, 2007, the Trustee filed a motion to sell Debtor's intellectual property, inventory, equipment, and furniture free and clear of liens.[8]  Sales proceeds were to be paid to tax lien creditors and MetroBank which held a recorded security interest.  Notice was given to an extensive list of creditors. Frankoff received notice through his attorney, Roger Broach, on the day that the motion to sell was filed, April 30, 2007.

13. "On or about" April 30, 2007, Frankoff's attorney, Roger Broach, underwent aortic valve replacement and coronary artery by-pass surgery.[9]  However, pleadings continued to be filed on behalf of Frankoff.  Mr. Broach's wife filed a motion to abate the adversary proceeding (docket # 99) and an unknown person filed an answer for Frankoff to MetroBank's cross action against Frankoff (docket # 100).  No motion to abate or for other relief was filed in the bankruptcy case.

14. No party in interest filed a response or objection to the Trustee's motion to sell.

15. On May 30, 2007, the Court granted the motion to sell (the "Sale Order").[10]

16. The Clerk served a copy of the Court's order on parties in interest and on Frankoff's attorney, Roger Broach, on June 1, 2007.[11]

17. No appeal was filed, and the order became final on June 11, 2007.

18. No party has filed a motion to vacate the order granting authority to sell.

19. Mr. Frankoff obtained additional counsel.  On September 20, 2007, Mr. Simon, filed a "Notice of Appearance and Request for Notice" as attorney for Frankoff in both the adversary proceeding and in the bankruptcy case.  Prior to that, neither Frankoff nor an attorney for Frankoff had made a request for service of notices and pleadings in the bankruptcy case.

---

[4] Bankruptcy Case 06-30414, Doc. # 39.
[5] Bankruptcy Case 06-30414, Doc. # 43.
[6] Bankruptcy Case 06-30414, Doc. # 63.
[7] Actually, the complaint against Frankoff commenced adversary proceeding 06-3582.  A virtually identical adversary proceeding was commenced against Frankoff's counsel, 06-3581, and those two adversary proceedings were subsequently consolidated.
[8] Bankruptcy Case 06-30414, Doc. # 85.
[9] Adversary proceeding 06-3581, Doc. #99.
[10] Bankruptcy Case 06-30414, Doc. # 86.
[11] Bankruptcy Case 06-30414, Doc. # 87.

### III.   COUNTERCLAIMS

A.     Counterclaim Asserting An Assignment And/Or Equitable Lien On Cash Settlement
       Proceeds Of The Merloni Settlement In The Hands Of The Trustee Or The Estate

       Frankoff's claim of an equitable lien was specifically reserved by the Court in its ruling
on the Trustee's motion for summary judgment granted earlier in this case.  (Docket #43).  By
that same opinion, the Court concluded against an assignment.  Therefore only the issue of a lien
on the proceeds remains for trial.

B.     Counterclaim Asserting An Assignment And/Or Equitable Lien On The Proceeds Of Sale
       Of The Combo Units In The Hands Of The Trustee Or The Estate

       The Trustee argues that Frankoff has released all claims against the estate and therefore is
not a creditor and cannot assert a lien.  However, this claim is beyond the scope of claims for
which Frankoff asked for authority to amend the complaint.  Therefore, the motion to dismiss is
granted with respect to this claim.

C.     Damages For Breach By The Trustee Of Fiduciary Duties "By Agreeing With Metrobank
       To Give Away Frankoff's Proceeds In The Sale Of The Combo Units Pursuant To The
       Sale Order And By Failing To Advise The Court Of Frankoff's Competing (Sic)
       Interest In Such Proceeds.

       The Trustee acted pursuant to final Court order.  The Trustee is immune.  *See* the
authorities cited in the Trustee's memorandum, docket # 185, and paragraph 18.  In his response,
docket # 197, Frankoff concedes judicial immunity but argues an exception.

       Frankoff cites *Bennett v. Williams,* 892 F.2d 822, 823 (9th Cir. 1989) for the proposition
that the Trustee loses judicial immunity if the Trustee intentionally or negligently violates duties
imposed upon him by law.  Frankoff argues that the Trustee's disclosures to the Court must be
candid.  Frankoff argues that the Trustee failed to fulfill his fiduciary obligation to Frankoff by
failing to inform the Court of Frankoff's alleged lien on the property sold and by failure to notify
Frankoff of the motion to sell.  This argument is not persuasive for several reasons.

       Frankoff has made no reasonable fact allegation that the Trustee knew, or had reason to
know, of Frankoff's alleged lien on the property that was sold.  Paragraphs 1 through 3 of
Frankoff's objection to the Trustee's motion to dismiss argues only that Frankoff did not get
notice of the motion to sell.  It does not assert that the Trustee knew, or had reason to know, that
Frankoff asserted a lien on the property proposed for sale.

       The Court sees nothing on the record that would indicate that the Trustee knew, or had
reason to know, about Frankoff's alleged interest in the property to be sold.  Frankoff's alleged
lien was an unrecorded lien, so a search of the title records would indicate nothing.  Frankoff's
suit against Debtor to enforce the lien used pseudonyms.  Frankoff's counsel told the Court that
the reason for using pseudonyms was to prevent anyone from finding out that Frankoff had sued

a client to enforce his lien.  Arguably, therefore, failure to notify Frankoff (as a lien creditor) was due to Frankoff's own efforts to hide that status.  Frankoff has suggested no way that the Trustee could have learned about the lien in the ordinary process of investigating the public records.

The Trustee's only way to learn about Frankoff's alleged lien would have been through the list of creditors that the Debtor filed, the Debtor's bankruptcy schedules and statement of financial affairs, or a proof of claim filed by Frankoff.  However, Frankoff concedes that although he knew about the bankruptcy case prior to February 8, 2006, he has not filed a proof of claim even as of the date of this order, over 2 years later.  Indeed, the first notice of appearance and request for service of notices that was filed on Frankoff's behalf was filed by Mr. Simon over 18 months after the bankruptcy case was filed.  Filing a request for copies of notices is a procedure utilized for decades in the Southern District of Texas in order for parties to assure that they know about everything going on the case.  It costs nothing.

Bankruptcy Local Rule 9013(d) requires notice on parties who have filed a notice of appearance and parties claiming a lien on property affected by the motion.  Even though the bankruptcy case had been pending for 14 months when the motion to sell was filed, Frankoff had not filed a claim, had not asserted a lien in the property to be sold, and had not filed a notice of appearance.

The Court can imagine only one possible way that the Trustee might have divined that Frankoff could claim a lien in the property to be sold.  Arguably, the Trustee might have divined such a possibility from Frankoff's pleadings in the adversary proceeding.  But the Court is familiar with the rambling, unfocused pleadings filed by Frankoff in this adversary proceeding as of the date of the Sale Order.  It would be totally grossly unreasonable to expect anyone to interpret those pleadings that way.

In the adversary proceeding, even continuing to this day, Frankoff asserts that he owned cash in Riga's trust account.  Frankoff vigorously denied having a lien.  His alleged interest in the property that was sold under the Trustee's sale motion is a new allegation, and one that runs directly contrary to Frankoff's many, and vigorous, arguments before this Court, before the district court on appeal, and before the Fifth Circuit on appeal.

To survive a motion to dismiss for failure to state a claim, Frankoff must provide more than merely a theoretical duty of the Trustee to give him notice.  Frankoff has not met that burden.

Even though the Trustee had no reasonable indication of Frankoff's lien claim and had no duty to give Frankoff notice of the motion to sell, the Trustee (apparently merely out of an abundance of caution) did give notice to Frankoff's counsel.  Although the Court understands the disability resulting from coronary surgery, the Court also understands that accommodation must be made to respond to the mail.  And in fact someone was making those accommodations. Someone answered pleadings and filed motions to abate the adversary proceedings, conforming with the usual procedures for protecting a client's rights during an illness.  Frankoff is himself an attorney, and could have reviewed the mail and asked for a continuance or abatement if nothing else.

Bankruptcy cases could not be administered if every case put the trustee in jeopardy because a creditor's attorney was ill, when the creditor had not filed a proof of claim, and neither the attorney nor the creditor had filed a notice of appearance.

Frankoff's claim for breach of duty related to the Sale Order fails to state a claim on which relief can be granted.

D.     Negligence And Gross Negligence In Failing To Investigate The Whereabouts Of Thousands Of Combo Units Owned By Debtor At The Time Debtor Filed The Bankruptcy Petition

Frankoff does not even address this issue in his response to the Trustee's motion to dismiss.  The Court concludes that Frankoff has abandoned this issue.  If he has not:

1. The Trustee is correct.  The Trustee has not yet finished the administration of the estate and the matter is not ripe; and
2. This claim was not within the issues for which the Court granted permission for an amended counterclaim.

Therefore, the Trustee's motion to dismiss is granted as to this claim.

E.     Negligence And Gross Negligence By Failing To Recover $50,000 Received By Vir

This claim was not within the issues for which the Court granted permission for an amended counterclaim.  In addition, the Trustee has now filed an adversary proceeding against Vir, supporting the conclusion that the matter was not ripe when filed by Frankoff.

Therefore, the Trustee's motion to dismiss is granted as to this claim.

## IV.   CONCLUSION

For reasons assigned, Frankoff's counterclaims in docket # 166 are dismissed except for the claim to a lien in the Merloni proceeds in the hands of the Trustee.

SIGNED 04/01/2008.

_Wesley W. Steen_

Wesley W. Steen
United States Bankruptcy Judge