

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| EQUATOR CORP | § | CASE NO: 06-30414 |
|     Debtor(s) | § | |
| | § | CHAPTER  7 |
| | § | |
| KENNETH R. HAVIS, CHAPTER 7 | § | |
| TRUSTEE, *et al* | § | |
|     Plaintiff(s) | § | |
| | § | |
| VS. | § | ADVERSARY NO. 06-3581 |
| | § | |
| SUSAN C. NORMAN, *et al* | § | |
|     Defendant(s) | § | |

**<u>MEMORANDUM OPINION
AND ORDER GRANTING MOTION TO STRIKE JURY DEMAND
(Doc. # 179)</u>**

      In docket # 179 Plaintiff (the "Trustee") asks the Court to strike the jury demand made by Steven Barry Frankoff ("Frankoff").  The Trustee asserts that Frankoff is not entitled to a jury trial, that Frankoff has waived his right to jury trial, and that the jury demand was not timely.  In docket # 194 Frankoff opposes the Trustee's motion on grounds discussed in detail below.  The Court concludes that the Trustee is correct and by this order strikes Frankoff's demand for a jury trial.

      **I.    DEADLINE FOR MAKING A DEMAND FOR JURY TRIAL**

      The Trustee's Amended Complaint (docket # 89) was filed April 2, 2007.  Frankoff's Amended Answer was filed April 20, 2007 (docket # 95).  Frankoff did not make a demand for a jury trial in that answer or in any other pleading filed prior to that answer.  Frankoff made a jury demand on October 5, 2007 (docket # 166).

      Rule 9015 of the Federal Rules of Bankruptcy Procedure (FRBP) adopts Rule 38 of the Federal Rules of Civil Procedure, which establishes a 10-day deadline for making a demand for a jury trial.  Therefore, the deadline for Frankoff to demand a jury trial was 10 days after April 20, 2007.  Frankoff's demand for a jury trial was not timely.

      The pleading in which Frankoff made a jury demand was his "Amended Counterclaim" which accuses the Trustee of breach of duty.  Generally, an amended complaint will not allow a party to draw out the time to file a jury demand.  *Matter of Texas General Petroleum Corp.*, 52 F.3d 1330, 1339 (5th Cir. 1995).  Although the facts of *Texas General Petroleum* are different from those in this case, the rule should apply with equal or greater vigor because the only

additional facts introduced by the counterclaim are related to issues on which Frankoff would not be entitled to a jury trial in any event. Adding issues on which a jury trial is not available should not extend the time for filing a demand for jury trial.

## II. MOTION TO STRIKE JURY DEMAND AND FRANKOFF'S RESPONSE

Frankoff made the following arguments in his opposition to the Trustee's motion to strike his jury demand.

A.     Frankoff asserts that Susan Norman (Frankoff's co-defendant, "Norman") made a demand for a jury trial on April 22, 2007, in docket # 97 and that Frankoff is entitled to a jury trial based on Norman's demand.

The proceedings before the Court are much more complicated than Frankoff's suggests.

On February 20, 2007, (docket ## 42, 43) the Court issued partial, final summary judgment on a substantial part of the relief requested by Plaintiff in this case.[1] On March 2, 2007, Norman filed a "Motion for Jury Trial" on "all issues" (docket # 50). The Trustee filed a motion (docket # 53) to strike the Motion for Jury Trial alleging that Norman's jury demand was untimely. The Court issued an order requiring memoranda on the issue of the timeliness of the jury demand (docket # 62).

At the hearing on March 26, 2007, Norman's attorney conceded that the jury demand was not timely. Frankoff's attorney, who also attended that hearing, stated: "We have not asked for a jury trial."[2] (Frankoff clearly waived a jury trial by these statements on the record.)

About 3 weeks later (April 20) Frankoff filed his answer (docket # 95) to the Trustee's amended complaint. Frankoff did not demand a jury trial.

Two days after Frankoff filed his answer, Norman filed her amended answer which included another jury demand (docket # 97). On August 8, 2007, Norman filed an amended answer with jury demand (docket # 121). The Trustee again filed a motion to strike Norman's demand for jury trial (docket # 122).

The Court has not ruled on the Trustee's motion to strike Norman's amended answer and jury demand because the Trustee and Norman have settled their differences and Norman's pleading, and all issues in it, are now moot. (*See* docket ## 136, 154).

Frankoff cannot derive a right to jury trial from Norman's demand because (i) Norman's answer and jury trial demand is effectively withdrawn because she has settled, (ii) Frankoff actively ignored the jury trial issue during the time when he could have made a demand, and (iii) Frankoff affirmatively represented to the Court that he did not want a jury trial and the Court

---

[1] That judgment has been affirmed by the district and appellate courts and is now final: affirmed by Case No. 07-1035 (S.D. Tex. 08/21/07); aff'd by Case No. 07-20671 (5th Cir. 01/16/08).

[2] Transcript, docket # 98, page 4, lines 17-18.

declined on March 26, 2007, to rule on the Trustee's motion to strike based on Frankoff's statement that he did not want a jury trial (docket # 78).

B.   Frankoff argues that the claims asserted against Frankoff do not invoke the claims allowance process because Frankoff has not filed a proof of claim.

Although Frankoff does not expressly so state, paragraphs 2, 3, and 4 of his objection to the Trustee's motion to strike imply that if Frankoff had filed a proof of claim in this bankruptcy case, and if the adjudication of this matter was part of the process of determination of liens against property of the estate and the allowance and disallowance of claims, then Frankoff would not be entitled to a jury trial.  The Court first addresses the legal point and then addresses whether Frankoff has asserted a claim against the estate.

> 1. A party that asserts a claim against the estate waives a jury trial right with respect to counterclaims by the trustee asserting bankruptcy avoidance actions.

*In re Sentry Operating Co. of Texas, Inc.*, 273 B.R. 515 (Bankr. S.D. Tex. 2002) is this Court's best effort at understanding and explaining the complex issue of whether a creditor waives a jury trial by filing a claim against the estate.  While it would be inappropriate to cite one's own opinion as authority, unfortunately the state of the law is no clearer now than it was then.  Therefore, rather than committing yet one more week to research and an attempt to explain such a hopelessly complex construct, this opinion simply borrows from that one.

In *Sentry* for reasons set forth there in more detail, this court concluded:

> [I]f a creditor files a proof of claim in a bankruptcy case, the bankruptcy court should proceed with all dispatch to determine any objections to that claim, notwithstanding the fact that some of the objections to the claim might constitute separate actions at law if the creditor had not filed a proof of claim. The creditor does not have a right to a jury trial with respect to determination of the creditor's claim against the estate or with respect to any objections to the claim. The objections to the claim, even to the extent that they constitute a counterclaim for affirmative relief that exceeds the creditor's claim, can be adjudicated by the bankruptcy judge without a jury and the bankruptcy judge can award a judgment for affirmative relief against the creditor if, and only if, all elements necessary to adjudication of the counterclaim are part of the adjudication of the objection to claim. The creditor retains a right to a jury trial with respect to any issue that need not be adjudicated as part of the allowance of the claim or an objection to the claim. In any event, the consequences of *res judicata* and collateral estoppel apply to the bankruptcy judge's adjudication. Although the bankruptcy court has the authority to stay its proceedings to allow actions at law to proceed before a jury, it should not do so, especially when speedy and economical

>adjudication requires that the court proceed with determination of
>the creditor's claim and any counterclaim. *Id.* at 523.

Therefore, this Court agrees with what Frankoff seems to have conceded. When a creditor asserts a claim against the estate, the creditor submits to the jurisdiction of the bankruptcy court and waives jury trial with respect to related counterclaims for avoidance of transfers.

>2. Frankoff has asserted a claim against the estate.

Frankoff's amended answer to the Trustee's complaint, (docket # 166) alleges (i) that Frankoff is a secured creditor, holding a security interest in cash payments from Merloni, (ii) that the contingency fee that he earned by representing the Debtor in a lawsuit concluded prior to the filing of this bankruptcy case was greater than the cash proceeds on which he claims a security interest, and therefore he is an unsecured creditor of the estate, and (iii) that the Trustee breached his fiduciary obligations as trustee of the bankruptcy estate. The title of the amended answer makes it clear that Frankoff is asserting claims against the estate; "Frankoff's Amended Counterclaim against The Trustee And The Equator Bankruptcy Estate..."

It is hard to fathom how, in good faith and good conscience, Frankoff could assert that he is not asserting a claim in this bankruptcy case.

Possibly, Frankoff is contending that he has not filed a proof of claim, which is an official form promulgated with the Federal Rules of Bankruptcy Procedure. If that is the distinction that Frankoff is making, the Court concludes that it is a distinction without a difference.

Filing an official "proof of claim" form is not dispositive of whether a creditor has waived a jury trial by submitting to the claims allowance/disallowance process in the bankruptcy court. First, the waiver is made by submitting to the claims allowance process, not by filing an official form. Second, filing the official form is not sacrosanct to assertion of a claim.

>a. The important question is whether the creditor submitted to the claims allowance process.

As set out more completely in *Sentry Operating,* the bankruptcy court is authorized to adjudicate "public rights" and to exercise "core jurisdiction" over the "claims allowance/disallowance process." The usual method for asserting claims against an estate is to file a proof of claim. And therefore the shorthand expressions in the decisions relating to these issues refers to a creditor who files a proof of claim.

But the dispositive issue is not whether the creditor files the right form (*i.e.* a "proof of claim") but whether the creditor asserts a right to a distribution of assets of the estate that are in *custodia legis*, *i.e.* property of the estate. If the creditor asserts a claim against the estate, then the bankruptcy court has core jurisdiction and can adjudicate the creditor's claim against the estate as well as rights that the trustee asserts under the Bankruptcy Code for recovery of property from the creditor (avoidance actions related to the claim), classification of the claim,

and limitation of the claim.  *Schoenthal v. Irving Trust Co.,* 287 U.S. 92, 53 S.Ct. 50, 77 L.Ed. 185 (1932); *Katchen v. Landy,* 382 U.S. 323, 86 S.Ct. 467, 15 L.Ed.2d 391 (1966), *Granfinanciera, S.A. v. Nordberg*; 492 U.S. 33, 60, 109 S.Ct. 2782, 106 L.Ed.2d 26 (1989); and *Langenkamp v. Culp,* 498 U.S. 42, 111 S.Ct. 330, 112 L.Ed.2d 343 (1990).  Substance controls over form.

The Trustee asserts claims against Frankoff (i) for avoidance of unauthorized post-bankruptcy transfers to Frankoff of property of the estate, (ii) for violations of Bankruptcy Code § 362 related to those unauthorized transfers, (iii) for equitable subordination of Frankoff's claim, (iv) to disallow Frankoff's claim, and (v) to determine the validity, priority, and extent of Frankoff's liens against property of the estate.  Because Frankoff has asserted a claim against the estate, Frankoff does not have a right to a jury trial on the Trustee's counterclaims related to Frankoff's claim.

        b.      Informal Proofs of Claim

Frankoff's counterclaim is the functional equivalent of filing a proof of claim.  *Collier on Bankruptcy*, ¶ 501.03 (15th ed. rev.), explains that a creditor can assert a claim against an estate and can participate in the claims allowance/disallowance process without filing a proof of claim form.  *Collier's* also sets out the requirements for an informal proof of claim:

> A body of law has developed regarding the notion of "informal proofs of claim."  Courts have held that a variety of writings, even though not intended to qualify as a proof of claim, may be treated as such under the Code.  These writings may include letters to counsel for an estate or pleadings seeking relief from stay.  A five-part test has been developed by the courts regarding the allowance of an informal proof of claim.  The five elements that must be satisfied are:
>
> 1.    The proof must be in writing;
> 2.    The writing must contain a demand against the estate;
> 3.    The writing must evidence the intent to hold the estate liable;
> 4.    The writing must be filed with the bankruptcy court; and
> 5.    The allowance of the claim must be equitable under the circumstances of the case.
>
> On balance, these rulings are equitable in nature, based on the particular facts and circumstances of a given case.
> *Id. at* ¶ 501.03.

The Counterclaim asserted by Frankoff clearly meets that test.

C.	Frankoff Has No Jury Trial Rights With Respect to his Claims against the Trustee

    1.	Claims as a creditor of the estate

In his amended Counterclaim, (docket # 166) Frankoff seeks payment of additional sums as a creditor of the estate, *i.e.* full payment of his contingency fee.  In addition, Frankoff contends that the bankruptcy estate and the Trustee are liable to him because allegedly the Trustee agreed to and acted pursuant to a bankruptcy court order to "give away" estate assets (allegedly subject to Frankoff's lien) by paying sale proceeds to MetroBank,  because allegedly the Trustee did not properly seek recovery of funds from Atul Vir (another transferee), because the Trustee allegedly did not adequately take control of property of the estate, because allegedly the Trustee did not keep Frankoff properly informed of pending motions in the bankruptcy court, and because allegedly the Trustee did not keep the Court properly advised of Frankoff's claim to a lien on property sold pursuant to a Court order.  The Court has issued a separate order dismissing these counterclaims.  Therefore there is no right to jury trial on them.

Frankoff also asserts a claim against MetroBank for allegedly conspiring with the Trustee regarding the allegedly improper sale of estate property and payment of proceeds to MetroBank.  The Court has issued a separate order dismissing these crossclaims.  Therefore there is no right to jury trial on them.

For reasons set forth above, Frankoff does not have a right to a jury trial with respect to his claims as a creditor of the estate, *i.e.* with respect to his claim for additional sums allegedly due as his contingency fee.

    2.	Claims against the trustee for misconduct

Nor is Frankoff entitled to a jury trial with respect to his claims against the trustee for alleged breach of fiduciary duties.  With apologies, again, to the necessity (resulting from too little time to revisit an issue on which the Court has previously written), and with no suggestion that the prior opinion is authority, merely that it is the best analysis the Court can make, the Court will simply paraphrase the analysis from its earlier opinion: *In re Coral Petroleum*, 249 B.R. 721 (Bankr. S.D. Tex. 2000).

To determine whether a party has a right to a jury trial, one must determine whether the action is a suit "in which legal rights... [are] to be ascertained and determined, in contradistinction to those where equitable rights alone... [are] recognized."  *Granfinanciera*, 492 U.S., at 41.  *Granfinanciera* articulates the test for determining whether a claim is legal or equitable for purposes of the Seventh Amendment: "[f]irst, we compare the ... action to 18th-century actions brought in the courts of law and equity.  Second, we examine the remedy sought and determine whether it is legal or equitable in nature."  *In re Jensen*, 946 F.2d  369, 374 (5th Cir. 1991) (citing *Granfinanciera*, 492 U.S. at 42).

Claims for breach of fiduciary duty were within the exclusive jurisdiction of the courts of equity.  *Id.* (citing *Local No. 391 v. Terry*, 494 U.S. 558 (1990); but see also *Anderson v. U.S.*, 520 F.2d 1027 (5th Cir. 1975) (a suit against a chapter 7 trustee for negligence is an action at

law). *Anderson* is not dispositive of the issues presented here. *Anderson* is not a suit for breach of trust. It is a suit for negligent failure to discharge a debt. As discussed more fully below, a suit against a trustee of an express trust or for an explanation of the loss of trust property and for an accounting and redress of alleged breaches of fiduciary responsibility are matters appropriately handled by a court of equity, not a court at law. Anderson is a simple suit for alleged negligence of a trustee to perform acts related to third parties, it is not an action for loss of trust property.

In looking at the second test, (i.e. whether the requested remedy is legal or equitable), the Fifth Circuit held that, "awards of monetary relief are for present purposes not without their ambiguities. The reality is that there may be situations in which an award of monetary relief is equitable." *Jensen*, 946 F.2d at 372. The Court repeats its analysis in *In re Coral Petroleum, Inc.*, 249 B.R. 721, 733 (Bankr. S.D. Tex. 2000) as follows (citations omitted):

> Blackstone wrote that trusts are the "proper and peculiar objects of a court of equity". In comparing courts of law and equity, Blackstone explained that the two courts were substantively similar, using the same bases to determine a case. He differentiated the courts in the manner in which they received proof, conducted a trial, and granted relief. He also differentiated the courts of law and equity on an "accidental ground of jurisdiction" that courts of equity have jurisdiction over trusts in their form and effect. Blackstone alludes to a time when trust cases were brought in a court of law, but the courts of equity eventually took exclusive jurisdiction over trusts. "A trust is really nothing except a confidence reposed by one person in another and enforceable in a court of equity."

Even though the relief sought by Frankoff is for money, it is in effect a suit for an accounting of the property of the estate, an equitable remedy, and thus there is no right to jury trial. This outcome comports with the bankruptcy court's powers to police its fiduciaries:

> A sine qua non in restructuring the debtor-creditor relationship is the court's ability to police the fiduciaries, whether trustees or debtors-in-possession and other court-appointed professionals, who are responsible for managing the debtor's estate in the best interest of creditors. The bankruptcy court must be able to assure itself and the creditors who rely on the process that court-approved managers of the debtor's estate are performing their work, conscientiously and cost-effectively.
> *In re Southmark Corp.*, 163 F.3d 925, 931 (5th Cir.1999), cert. denied, 527 U.S. 1004, 119 S.Ct. 2339, 144 L.Ed.2d 236 (1999); see also *In re San Juan Hotel Corp.*, 847 F.2d 931, 937 (1st Cir.1988); *In re Hutchinson*, 5 F.3d 750 (4th Cir. 1993).

Even though *Granfinanciera* rejects the "core proceeding" vs. "non-core proceeding" dichotomy as the standard for determining the litigant's right to a jury trial, the treatment of core proceedings such as the "sine qua non in restructuring the debtor-creditor relationship" illustrates the court's powers to police its fiduciaries. Bankruptcy judges may hear and determine all core proceedings arising in a case under title 11. 28 U.S.C. § 157(b). When the Bankruptcy Code uses the term "and determine" it means that the bankruptcy court may exercise its core jurisdiction which involves trial without jury and issuance of a final order, not a report and recommendation. *Matter of Wood*, 825 F.2d 90, 95 (5th Cir.1987); 28 U.S.C. § 157(b)(1) states "Bankruptcy judges may hear and determine ... [core matters] ... and may enter appropriate orders and judgments..."

Alternatively, if the remedy is treated as solely for money, it must be as a beneficiary/creditor of the estate in order for a fiduciary duty of the trustee to arise.[3] This issue alleged in the counterclaim is hardly distinguishable from the issue raised in the Trustee's original complaint addressing Frankoff's "claim," for which Frankoff has already waived the right to a jury trial.

### III.   CONCLUSION

For reasons assigned, the Trustee's motion to strike Frankoff's jury demand is granted.

SIGNED 04/01/2008.

_____
Wesley W. Steen
United States Bankruptcy Judge

---

[3] The property at issue has been determined to be property of the estate. (Doc. # 43).